MORRISS BROS. *v.* BOWERS.

*(Jackson.* June 13, 1900.)

1. DECLARATION. *States a case of actionable negligence, when.*

A declaration is sufficient which avers that plaintiff, while in a position assigned him by a superior servant, was injured by reason of the unfitness of the appliances used in the service, whose defects were not of a latent character, but were unknown to plaintiff, who relied upon defendant to furnish safe and suitable appliances for the service, although it fails to aver that defendant knew of such defects or could, by the exercise of reasonable care, have discovered them. (*Post, pp. 60–65.*)

Cases cited and distinguished: Railroad *v.* Handman, 13 Lea, 430; Bruce *v.* Beall, 100 Tenn., 579.

2. SAME. *Defects in, cured by verdict. when.*

Defects in a declaration are cured by verdict "if on the trial the issue requires proof of the fact defectively stated or omitted." (*Post, p. 66.*)

Case cited: Gas Co. *v.* Williamson, 9 Heis., 314.

3. SAME. *Amendment of.*

Objection to a declaration is waived where the parties consent that certain language shall be inserted therein, and that the declaration so amended shall stand as a compliance with an order made upon sustaining demurrer to the original declaration. (*Post, pp. 66, 67.*)

4. MASTER AND SERVANT. *Master's duty to furnish safe tools and appliances defined.*

The duty of the master is absolute to use active diligence to prevent improper or unsafe tools or implements being furnished an employee, by which he may be injured. And it is likewise the master's duty to furnish his employees places to work in which they will not be unnecessarily exposed to danger. The master is held responsible for all defects that are discoverable by the application of the usual and ordinary tests,

but not for latent defects not thus discoverable. (*Post, pp.* *65–69.*)

Cases cited: Guthrie *v.* Railroad, 11 Lea, 372; Whitelaw *v.* Railroad, 16 Lea, 391; Railroad *v.* Carroll, 6 Heis., 358; Railroad *v.* Jones, 9 Heis., 39; Railroad *v.* Elliott, 1 Cold., 613; Iron Co. *v.* Pace, 101 Tenn., 484.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

H. R. BOYD for Morriss Bros.

PETERS & SMITH for Bowers.

MCALISTER, J. The plaintiff below, William Bowers, colored, recovered a verdict and judgment against Morriss Brothers for the sum of $350 for personal injuries. Defendants appealed and have assigned errors.

The facts are that Morriss Brothers were stone masons and stone dealers in the city of Memphis. William Bowers, colored, was a laborer in their employment, and it was a part of his duty to assist in handling stone and loading trucks, which were run into the mill where the stone or marble was sawed into slabs. Gang saw No. 4, where the accident happened, has a partition on either side of the track, and there was a space of about

two feet between the railway and the board walls. There is proof tending to show that on the day of the accident Edward Morris, who was foreman of the yard and in charge of the men, went into the shop, where plaintiff was engaged in polishing stone, and directed him to go to gang saw No. 4, and help transfer a truck loaded with stone to gang saw No. 1. When Bowers reached the truck the men were in the act of fastening the stones together with iron clamps. The stone with which the truck was loaded consisted of five slabs five inches thick, five feet wide, and seven or eight feet long. The weight of each slab was about one thousand pounds, and four men were engaged in handling them.

It appears that Bowers asked Morris, the foreman, whether he should fasten the slabs together with the iron chain, but the latter replied they had no time to put the chain on, as it was near quitting time, and that he was in a hurry. He also stated the clamps were sufficient and would hold the stone. It is also stated that the clamps used in fastening the stone together were old steel saw blades, about six inches long and three and one-half inches wide, rendered thin by usage and could be bent by the hand, and were used for the reason they would not break if the stone fell. It was claimed by plaintiff that the usual and proper appliance used in the mill for fastening slabs of this size was a log chain, which

was placed around the entire lot of slabs and
secured to the truck, so that the stone could not
fall without overthrowing the truck. It is claimed
by plaintiff that the foreman directed him to get
a crowbar and go to the south side of the
truck to assist in pushing out the loaded truck;
that afterwards he was told by said foreman to
leave that position and go to the north side. One
method of moving the loaded trucks along the
railway track was to place a crowbar under the
wheel, and bear down, and this method was called
pinching. The other was to put the crowbar on
the lugs and prize up, which was called leading.
While plaintiff was standing at the north front
wheel of the truck pinching out the loaded truck
with a crowbar, the stone suddenly careened and
plaintiff was impacted between the stone and an
adjacent post, from which position he was extri-
cated by the use of crowbars. The accident re-
sulted in the loss of the plaintiff's right ear, with
serious bruises to his skull, chest, and shoulders.
Plaintiff was confined to his bed for about two
weeks and to the house about a month.

Two grounds of complaint were urged on behalf
of plaintiff as a basis of recovery—first, that the
foreman ordered the plaintiff to take the position
where he was hurt, which was a more perilous
one than that which the plaintiff had already as-
sumed behind the wheel; second, that suitable

clamps were not used for fastening together the blocks of stone.

The first assignment is that the Court erred in overruling defendant's motion in arrest of judgment, for the reason the amended declaration does not state facts sufficient to constitute a cause of action.

The appellants demurred to the original declaration on the ground that it did not allege that the plaintiff (appellee here) did not know of the condition of the clamps, and did not allege that the defendants (appellants here) knew of their unfitness or of their defects. The demurrer was sustained.

An amendment to the declaration was filed alleging that the plaintiff did not know of the unfitness of said clamps, but relied on defendants to furnish safe and suitable appliances for said service.

It is insisted that the amended declaration, in order to meet the infirmity pointed out by demurrer to the original declaration, should have alleged that Morriss Brothers knew of the unfitness of the clamps, or could, by the exercise of reasonable care have discovered the defect. Counsel cite *Railroad Company* v. *Handman,* 13 Lea, 430, in which the Court said, viz.: "In ordinary cases the jury should be told that to authorize a recovery these two things must concur—knowledge on the part of the master, or its equivalent,

negligent *ignorance*, and a want of knowledge on the part of the servant, or its equivalent, excusable ignorance. If the knowledge or ignorance of the master and servant in respect to the character of the machine were equal, so that both are without fault or in equal fault, the servant cannot recover." This language was used by the Court in a case where the accident was caused by the sudden explosion of a boiler of a locomotive engine, probably from some latent defect, equally unknown and undiscoverable by either party. It will be further noticed that no question of pleading was presented in that case, but the question arose on the Judge's charge, or rather the omission in the charge.

The other case cited is *Bruce* v. *Beall,* 16 Pickle, 579. In that case it appeared that the accident was caused by the fall of an elevator, resulting from the sudden breaking of the two wire cables by which it was suspended. We think the rule announced is only applicable in cases of latent defects in machinery or premises, and such as are not discernible to ordinary observation, or by the application of the usual and approved tests.

The general rule is that it is not necessary that the employer should be advised of the particular defects causing the injury.

It is enough if the defects were of such a character that it was the duty of the employer

to take notice of them. Wharton on Negligence, 2d Ed., sec. 210.

"In an action against a railroad company for killing a fireman engaged in the line of his duty, where the declaration alleged that the death was occasioned by reason of the original construction of a culvert on the line of its road, whereby the train was thrown from the track, it was held unnecessary to allege knowledge on the part of the defendants of the defective construction of the culvert." *Railroad* v. *Sweet,* 45 Ill., 197.

"The duty of the master is absolute to use active diligence to prevent improper or unsafe tools or implements being furnished an employee, by which he may be injured." *Guthrie* v. *Louisville & Nashville R. R.,* 11 Lea, 372; *Whitelaw* v. *Memphis & Charleston R. R.,* 16 Lea, 391; *Railroad* v. *Carroll,* 6 Heis., 358; *Railroad* v. *Jones,* 9 Heis., 39; *N. & C. R. R.* v. *Elliott,* 1 Cold., 613.

"The master is responsible for any injury resulting from defects in machinery which might have been discovered by the proper care and skill in the application of the ordinary and approved tests, but is not responsible for defects which might have been discovered by the manufacturer of the machinery by the application of the proper test." *N. & D. R. R. Co.* v. *Jones,* 9 Heis., 27.

We are therefore of opinion it was not necessary for plaintiff to allege that defendant knew that the

21 P—5

clamps were defective and unsuitable. It is the duty of the master to know, unless the defect is latent and not discoverable by the application of the usual and ordinary tests, and there is no pretense of any such latent defect in the clamps used on the occasion of the accident. The employer is not an insurer or guarantor of the safety of the tools, machinery or premises, but the measure of his responsibility is to see that they are reasonably safe for the use of the employees. The latter assume the risk of all such defects as are known to him or which might have been discovered by the exercise of ordinary care and diligence. But, independent of this, there was no demurrer to the amended declaration, but defendant pleaded, first, the general issue, and, second, that plaintiff was injured through his own carelessness, and not on account of any want of care on the part of defendant. The rule is that "if a pleading contain a defect, either in substance or form, which would have been fatal on demurrer, yet if on the trial the issue requires proof of the fact so defectively stated or omitted, the defect is cured by the verdict." *Gayoso Gas Co.* v. *Williamson,* 9 Heis., 314.

Another conclusive answer to this assignment of error is that the amended declaration, in its present form, was filed by consent of parties. The stipulation of counsel of record is, viz.: "It is hereby consented to by both parties that the

plaintiff can insert in his original declaration, filed herein on November 21, 1898, the following words, viz.: 'Plaintiff further avers and alleges that he did not know of the unfitness of said clamps and their ability to perform the service required of them;' and the declaration so amended shall be the amended declaration required to be filed in this cause by demurrer of December 13, 1898." Signed by counsel for each party.

The third assignment is, the Court erred in the following instruction to the jury, to wit:

"The law requires Morriss Bros., in running and operating a stone yard, to furnish their employees with proper and suitable clamps to secure the slabs which had to be moved, and such as are usually used for that purpose, and also to furnish them places to work which would not unnecessarily expose the workmen to danger."

The fourth assignment may be considered in this connection, to wit:

"Where the preponderance of the evidence establishes the fact that the injury complained of resulted solely and alone from the negligence of Morriss Bros., in one of the foregoing particulars, that is, in failing to exercise ordinary care to see that they were furnished reasonably safe and suitable clamps to hold the stone slabs together while they were being moved on the truck or car, or in ordering them to work in a place in moving the car that was not safe for them to work in,

then Bowers has the right to recover in this case."

We peceive no objection to either of the foregoing instructions as correct propositions of law. But it is said by defendants' counsel that the instructions were erroneous for the reason that it is shown by the evidence that the clamps were provided for the purpose of protecting the slabs from breaking, and not for the protection of employees, hence it is contended there was no evidence in the record warranting such an instruction. If this is true, then it is evident that Morriss Brothers breached the duty which they owed under the law to their employees. In *Guthrie* v. *Railroad,* 11 Lea, 372, the rule is stated, viz.: "The duty of the master is to use active diligence to prevent improper or unsafe tools or implements being furnished an employee, by which he may be injured. The servant must use reasonable diligence in guarding against such injuries, but he may well rely, to some extent at least, on the faithful performance of duty on the part of the employer," etc.

The rule, we may add, is adopted from motives of humanity to the employee, and the preservation of property, while a proper, is yet a secondary consideration.

Nor was there error in the instruction given in respect of the duty of the employer to keep the premises used in the prosecution of his business

Morriss Bros. *v.* Bowers.

in reasonably safe condition. *Iron Co.* v. *Pace*, 17 Pickle, 484. Wood on Master and Servant, Sec. 334.

We have examined the remaining assignments, and find in them no reversible error.

Affirmed.