Virginia Iron, etc., Company v. Hamilton.

VIRGINIA IRON, ETC., COMPANY v. HAMILTON.

(*Knoxville.*    November 2, 1901.)

1. RAILROADS. *Manufacturing company using engines and cars is not, when.*

The fact that a manufacturing company operates engines and cars over tramways in delivering material at its plant does not convert it into a commercial railway company, in such sense that the department rule of the fellow-servant doctrine will apply to its employes. (*Post, pp. 706–710.*)

Case cited: Coal Mining Co. *v.* Davis, 90 Tenn., 719.

2. MASTER AND SERVANT. *Master's duty to provide for servant's safety.*

The master must provide reasonably safe place and appliances for his servant while at work. The master's negligence, in this particular, which contributes proximately to the servant's injury, is actionable, although the negligence of a fellow-servant may have concurred and contributed also to the injury. (*Post, pp. 710, 711.*)

Case cited: Iron Co. *v.* Pace, 101 Tenn., 484.

3. SAME. *Same. Case in judgment.*

The plaintiff, a manufacturing company, put defendant, its employe, at work under an elevated railway track, upon and over which other of its employes were operating engine and cars, delivering material for operation of its plant. By the negligence of defendant's fellow-servants, operating the engine and cars, a stone fell from one of the cars upon defendant's head, inflicting the injury sued for. The plaintiff had negligently failed to afford any protection of the place where de-

23 P—45

fendant was put to work from stones falling from cars above. *Held:* Defendant is liable upon these facts. (*Post, pp. 706-711.*)

FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington County. H. T. CAMPBELL, J.

CURTIN & HAYNES, KIRKPATRICK, WILLIAMS & BOWMAN, for Virginia Iron, etc., Co.

A. R. JOHNSON and BURROW BROS., for Hamilton.

McALISTER, J. Plaintiff brought this action to recover damages for personal injuries. On the trial below, at the conclusion of plaintiff's testimony, the defendant interposed a demurrer to the evidence, which was overruled by the Court, and the plaintiff's damages assessed by a jury at $600. Defendant company appealed and has assigned errors.

The declaration alleged that defendant company is engaged in operating a furnace at Johnson City, and plaintiff (Hamilton) was engaged as a section hand about said furnace, under one Craig, in keeping the railway tracks in repair ; that, on the day of the accident, Craig ordered the plaintiff out of the section work department to work near the mouth of an ore crusher, to shovel ore from the crusher by means of a common short-handled shovel ; that this

was the first time that the plaintiff worked at the crusher; that he was not skilled in any department of the company's work at the furnace, was illiterate, and ignorant of the machinery and of the danger of its operation, and was controlled by the orders of the defendant company. It is then alleged that defendant company did not provide and furnish a safe place for plaintiff to work in; that he was placed at work under an elevated railway track, about sixteen feet above plaintiff, where he was in the range of objects falling from the track or cars on it, which was dangerous to plaintiff and known to defendant company, but unknown to plaintiff. It is then alleged that while an engine was being operated on the elevated track, moving a car, there was caused to fall from said car or track a piece of ore, which struck and injured plaintiff. It is alleged that the train was taken on the elevated track without plaintiff's knowledge and without any warning whatever; that plaintiff could not hear any noise from the car above or from any person in charge thereof, if any was made, because of the great noise of the ore crusher, and that plaintiff was in a stooping position at the time of the injury owing to the nature of his work and the character of his tool. It is further alleged that plaintiff did not know he was working in a dangerous place; that he had never worked there before, and had been at work there only about forty-five minutes before he was injured; "that defendant's conduct in

handling said ore above him, or in moving it in whatever manner it was, without means to prevent its falling down and upon him, and without warning plaintiff of the danger, was the cause of the injury," etc.

This is a substantial statement of the cause of action as outlined in the declaration. The plaintiff testified, viz.: "I was called from the track to the stockhouse, and went there and fed the rock and ore crusher about three-quarters of an hour. Other hands helped while I was feeding it. We were then ordered by our boss down to the bottom floor at the mouth of the crusher, and began shoveling away the crushed ore from the crusher. I was beneath the elevated track at the crusher. The ore had been dumped through the car and fed into the crusher, and I had gone below to take the crushed ore from the crusher. It was while shoveling ore from the crusher that I was injured by the falling of a lump of ore, weighing five or six pounds, from the car on the elevated track above."

Another witness described the accident as follows, to wit: "The train came up with a car of iron ore on the trestle, and they began to unload the ore; when it was partly unloaded they told witness and plaintiff to go down to the stockhouse floor and shovel back rock from the crusher. The crusher was not then running. While we were shoveling down there the train backed up and the engine went off somewhere to do some other work. The engine

after awhile came back (that is, after the car of ore had been unloaded), and rolled on over our heads and struck the car to couple up to it, and I then looked up and saw a rock roll from somewhere about the car. It fell on the running board, and rolled off and hit plaintiff on the head."

The proof tends to show that this piece of ore fell off the brake-beam, where it had probably lodged when the ore was being dumped from the car into the crusher. The proof also tends to show that the defendant company had instructed the workmen to be careful and not leave any rock on the trestle, so that they would fall on the men below. But the piece of ore in question had, in some way, become lodged on the brake-beam of the car. The brake-beam was at the end of the car. The proof also tends to show that such an accident had never happened before.

With this statement of the case we proceed to notice the assignments of error. The Circuit Judge, in overruling the demurrer to the evidence, did not state the reasons for his action, but we are satisfied the Court rested the liability of the company upon the ground that it had not furnished the plaintiff a reasonably safe place to work. This is the ground of liability claimed by plaintiff in his declaration. Much of the able argument of counsel for plaintiff in error is directed towards showing that plaintiff would not be entitled to recover on the ground that a warning should have been given him that the en-

gine was about to go upon the elevated track to couple to the empty car, since the plaintiff himself states that he had constantly, for three months, been on and about that track repairing it, and was perfectly familiar with the movements of the train. Again, counsel argue that the car was overloaded by the fellow-servants of plaintiff, and if a piece of ore was negligently left on the brake-beam the negligence was the act of a fellow-servant and plaintiff could not recover.

It was held by this Court, at Knoxville, September term, 1900, in *Nelson* v. *Virginia Iron, Coal & Coke Co.*, that the defendant, in this case, in operating its tram cars about its furnace yards, was not liable for the negligence of an engineer in injuring a carpenter of the company on the track, for the reason that the negligence of the engineer was that of a fellow-servant, and that the different department rule is restricted to railroad companies. The fact that an engine was used in handling cars of iron ore upon the elevated track does not convert it into a commercial railroad. *Coal Mining Co.* v. *Davis*, 6 Pickle, 719. It is insisted in this case that the loading and unloading of the car in question was the duty of the fellow-servants of the plaintiff. Hence, if the car was negligently unloaded, leaving a piece of ore on the brake-beam, that negligence was the act of a fellow-servant. It is insisted, however, on behalf of plaintiff, that it is the duty of the master or employer to keep his

Virginia Iron, etc., Company *v.* Hamilton.

premises, used in the prosecution of his business, in a reasonably safe condition, and if he fails to do so, he is liable to the servant for all injuries resulting from such defects. *Iron Co.* v. *Pace*, 101 Tenn., 484. It is claimed that it was the duty of the company to have protected its employees, working at the crusher beneath the elevated track, against falling stone or ore, by the erection of a suitable platform or other barrier. The important inquiry, then, in this case is whether the injury to plaintiff was the result of defective premises or was it caused by the negligent use of the company's appliances by the fellow-servants of plaintiff.

While the defendant company is not liable for the negligence of the fellow-servant, yet, if the company has itself been guilty of any negligence concurring in producing the injury, there is liability. The question, whether or not the company had provided a reasonably safe place for the plaintiff to work, was submitted to the Court by the demurrer to the evidence, and his action in overruling the demurrer was a resolution of that contention against the company. In looking to the evidence on this subject, we cannot say there was no evidence which would have warranted a jury in finding that these premises were not reasonably safe.

The judgment must, therefore, be affirmed.