# LEE OVERSTREET v. ESCOL NORMAN.
# WYLIE OVERSTREET v. ESCOL NORMAN. —314
# S. W. (2d) 47.

Middle Section. November 1, 1957.

Rehearing denied February 28, 1958.

Certiorari denied by Supreme Court June 6, 1958.

344

Ward R. Case, Jr., and Robert F. Turner, Jamestown, for Escol Norman.

FELTS, J. These are common-law actions for damages. The first is an action brought by Mrs. Lee Overstreet against Escol Norman, as her employer, for personal injuries alleged to have been caused her by his negligence. The second is an action by her husband for loss of services and expenses incident to her injuries.

The negligence charged was that defendant had employed her and a number of other women to pick beans and was carrying them to work in his motor truck; that the truck bed in which they were riding was about 4 feet above the ground, and he owed them the duty of reasonable care to furnish them a safe place and safe appliances for the work, including safe means of alighting from the truck; that he breached this duty and was guilty of negligence in failing to provide any step or means of alighting; and that as a result of such negligence, plaintiff in attempting to alight, fell and suffered the injuries sued for. Defendant filed general pleas of not guilty.

There was a verdict and judgment for Mrs. Overstreet for $200 and for her husband for $795.45. Defendant appealed in error and insists that the Trial Court should have directed verdicts for him because there was no evidence of any negligence on his part, because the undisputed evidence showed that plaintiff assumed the risk, and because such evidence also showed that if there was any negligence it was the negligence of a fellow servant and not of defendant.

■■ These cases depend on the common law, there being no plea that they were ruled by the Workmen's Compensation Law. T. C. A. sec. 50-901 et seq. Hammett v. Vogue, Inc., 179 Tenn. 284, 165 S. W. (2d) 577. There were sharp conflicts in the evidence, which the jury resolved in favor of plaintiffs. In testing whether verdicts should have been directed for defendant, we must take the evidence for plaintiffs as true and discard all countervailing evidence. Smith v. Sloan, 189 Tenn. 368, 376-377, 225 S. W. (2d) 539, 227 S. W. (2d) 2.

Evidence for plaintiffs was that defendant lived in Fentress County and had been buying crops of green beans standing in the fields in other counties, and had been hiring local women to pick the beans for him. At the time of this accident he had bought green beans in the fields in Meigs County, had employed Mrs. Overstreet and a number of other women to pick the beans, and was transporting these employees in motor trucks from their homes to the bean fields in the mornings and bringing them back home in the afternoons.

On the morning of the accident defendant carried plaintiff and others in his truck from his home to the bean field. He drove the truck, which was a large one,

the truck bed in which they were riding being about 3½ or 4 feet above the ground. There was no step or other means to enable them to get in and out of the truck. That morning a bean hamper—a basket larger at the top than at the bottom and about two feet high—was placed on the ground at the rear of the truck and used as a step to enable these women to get into it.

When they arrived at the bean field one or two of the young women jumped out the rear of the truck to the ground; but this was deemed unsafe for the others, especially the older women. So, someone placed a bean hamper bottom up on the ground at the rear of the truck to be used as a step to enable them to alight. Mrs. Overstreet was 51 and weighed 197 pounds. As she stepped from the truck bed down on the bean hamper, it turned, she fell violently to the ground, and sustained the injuries complained of.

■ It is said for defendant that since she was injured before she reached the field, before she started picking beans, she was not working for him, not his employee or servant, and he owed her no duty as employer. Inasmuch, however, as he was carrying her in his truck to and from the place of work, we think she was constructively in his employment and he owed her the duty of master even though she had not actually begun picking the beans when the accident happened.

■■ The general rule is that the master owes a duty of care to his servant while the servant is actually or constructively in the course of his employment; and where, as an incident to such employment, he is transporting the servant to or from his work, the servant is regarded as constructively in the course of his employ-

ment so that he owes a duty of care to the servant. 39 C. J., Master and Servant, sec. 397; 56 C. J. S. Master and Servant sec. 180; 35 Am. Jur., Master and Servant, sec. 173.

This rule also applies in Workmen's Compensation cases where liability depends, not upon fault, but upon whether the accident arose out of and within the course of the employment. McClain v. Kingsport Imp. Corp., 147 Tenn. 130, 134, 245 S. W. 837; Oman v. Delius, 10 Tenn. App. 467; Vaughn v. Standard Surety & Casualty Co., 27 Tenn. App. 671, 676, 184 S. W. (2d) 556; Spraddling v. Bituminous Cas. Corp., 182 Tenn. 443, 450, 187 S. W. (2d) 626.

▮ The master owes the duty of ordinary care to prevent injury to the servant in the work, and he is bound to use such care to furnish the servant a reasonably safe place and safe appliances for the work. This duty of the master is personal, continuous, and non-delegable. 39 C. J., Master and Servant, secs. 408, 412, 441; 56 C. J. S. Master and Servant secs. 183, 186, 201; 35 Am. Jur., Master and Servant, secs. 175, 183, 353, 358; Smith v. Dayton Coal & Iron Co., 115 Tenn. 543, 558, 92 S. W. 62, 4 L. R. A., N. S., 1180; Morriss Bros. v. Bowers, 105 Tenn. 59, 65, 58 S. W. 328; Prosser on Torts (2nd Ed.) 373-377.

▮ In this case, we think this duty upon defendant to furnish plaintiff a reasonably safe place and safe appliances for the work included a reasonably safe means of alighting from the truck. Evidence was that such a means could have been provided by affixing to the rear of the truck an iron step or an automobile casing as such step, and that it was a custom of others to do that when using such a truck to haul bean pickers.

350

This evidence of such custom was competent as tending to prove the standard of conduct of reasonable men (De Ark v. Nashville Stone Setting Corp., 38 Tenn. App. 678, 682, 279 S. W. (2d) 518, and authorities there cited); and we think that the jury could reasonably find from the evidence that defendant breached his duty of furnishing plaintiff a reasonably safe means of alighting from the truck and was guilty of negligence which proximately caused her injuries.

Nor do we think a verdict should have been directed for defendant upon the ground that plaintiff assumed the risk which resulted in her injuries. A servant does not assume a risk caused by the master's negligence unless such risk is obvious or is actually known and the danger appreciated by the servant. Prosser on Torts (2nd Ed.) 309; Cincinnati, N. O. & T. P. R. Co. v. Brown, 158 Tenn. 75, 12 S. W. (2d) 381.

Upon the evidence we think reasonable minds well might differ as to whether plaintiff knew the risk or appreciated the danger of attempting to dismount as she did, and as to whether she was negligent in doing so. If so, the questions of assumption of the risk and of contributory negligence were matters for the jury. Osborn v. City of Nashville, 182 Tenn. 197, 203-205, 185 S. W. (2d) 510; Hall v. Nash, 184 Tenn. 312, 316-317, 198 S. W. (2d) 649.

Finally, it is urged for defendant that a verdict should have been directed for him upon the fellow servant doctrine. It is said that plaintiff's injuries were caused by her attempt to use the hamper as a step in alighting from the truck; that since defendant himself did not place the hamper there, and the proof did not

show who did put it there, it must have been the act of a fellow servant, and the negligence, if any, was that of a fellow servant and not of defendant.

The fault with this argument is that the jury might well have found—and their verdict implies that they did find—that a proximate cause of plaintiff's injuries was defendant's breach of his duty to furnish plaintiff a reasonably safe place and safe appliances for the work, including reasonably safe means of alighting from the truck. This being so, this duty of defendant could not be delegated so as to relieve him, but he was liable for plaintiff's injuries even though the act or negligence of a fellow servant may have contributed to them. Virginia Iron, Coal & Coke Co. v. Hamilton, 107 Tenn. 705, 65 S. W. 401; Smith v. Dayton Coal & Iron Co., 115 Tenn. 543, 558, 92 S. W. 62, 4 L. R. A., N. S., 1180; 35 Am. Jur., Master and Servant, sec. 353, p. 778.

All of the assignments of error are overruled and the judgments of the Circuit Court are affirmed. Judgments will be entered here for plaintiffs against defendant for the amount of the judgments below with interest and the costs of the appeal in error. The costs are also adjudged against defendant and the sureties on his appeal bond.

Hickerson and Shriver, JJ., concur.

## On Petition to Rehear

FELTS, J. Defendant below, plaintiff in error, has filed a petition to rehear complaining of our decision and opinion in these cases. In support of the petition learned counsel make an able and earnest argument, but it is only a reargument of matters already thoroughly argued

by them and considered and determined by us. It points out no new matter of law or fact overlooked, but only reargues things which counsel say were improperly decided by us.

 The office of a petition to rehear is to call attention to the Court of matters overlooked, not to things which counsel supposes were improperly decided after full consideration. A petition which points out no new matter of law or fact overlooked will be denied. Cox v. McCartney, 34 Tenn. App. 235, 243, 236 S. W. (2d) 736, and cases there cited.

The petition is denied at the petitioner's cost.

Hickerson and Shriver, JJ., concur.