James WILSON, Plaintiff-Appellant,

v.

**LINDAMOOD FARMS, INC.,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 27, 1984.

Application for Permission to Appeal
Denied by Supreme Court Aug. 27,
1984.

John W. Palmer, Dyersburg, for plaintiff-appellant.

R. Lee Moore, Jr. and Jon E. Hastings, Dyersburg, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

This is an appeal by plaintiff from an order of the Circuit Court of Lake County granting summary judgment for the defendant. The matter was determined on affidavits and depositions. Appellant states the issue as:

Is there a genuine issue of any material fact as required by the Rule 56 of the Tennessee Rules of Civil Procedure that would prohibit the granting of summary judgment in favor of the Defendant? More specifically, is there a genuine issue of any material fact as required by the Rule 56 of the Tennessee Rules of Civil Procedure as to whether Plaintiff was negligent or assumed the risk of his injury?

The relevant facts are as follows: Plaintiff was a workman on the defendant farm where he claims he injured his back. On the day of the accident, the plaintiff had been working in a field with an eight-row rotary hoe. It is disputed that the foreman came by and told him to move the hoe to another field; the plaintiff claims that the foreman instructed him to move the hoe in a manner that would require him to lift two wheels, each weighing at least 150 pounds. The foreman denies having given him these instructions. The plaintiff claims he did in fact lift the wheels and that in doing so he ruptured a disk in his back.

What appears to be a factual dispute that would require the Court to overrule a summary judgment motion is actually irrelevant in this case.

■ This is not a workers compensation case, but is one predicated upon the alleged common law negligence of an employer. In an employee-employer common law negligence case, it has been held that the employer's duty is one of ordinary care and that duty is met when the employer furnishes a reasonably safe place to work, which "safe place" includes the supplying of the worker with reasonably safe tools with which to perform the work. *McCor-*

*mick v. Waters,* (1980 Tenn.) 594 S.W.2d 385; *Overstreet v. Norman,* (1958 M.S.) 44 Tenn.App. 343, 314 S.W.2d 47. The doctrine of assumption of the risk is available to the employer as a defense when the danger or ordinary risk of employment is as well known to the employee as the employer. *McCormick v. Waters; Merritt v. Carr,* (1980 Tenn.App.E.S.) 621 S.W.2d 740.

■ Assuming that the disputed fact of whether or not the foreman instructed the plaintiff to move the rotary hoe in a manner that would require the plaintiff to lift the heavy wheels is resolved in plaintiff's favor, such resolution of fact is immaterial. Plaintiff testified in his deposition that on at least one previous occasion he had lifted the wheels in the manner as lifted on the occasion in question. He had suffered no injury on that previous occasion. On this occasion, when he injured his back, the injury occurred on the lifting of the second wheel; he had already lifted and loaded one wheel. It cannot be doubted that plaintiff knew the wheels were heavy and in fact stated "it wasn't no way that one man could do it and do it all time." The proof is further undisputed that plaintiff voiced no protest to the foreman regarding the alleged danger involved in single-handedly lifting the wheel. Further, plaintiff did not request any assistance in the performance of the task.

In view of the undisputed material facts, we are of the opinion that this case is controlled by prior case law of this state. In *Draper v. Louisville & N.R. Co.,* (1933) 17 Tenn.App. 213, 66 S.W. 1003, the Court stated:

The risks assumed by an employee are of two kinds, ordinary and extraordinary. The ordinary risks are those that are normally incident to an occupation in which an employee voluntarily engaged. An employee is conclusively presumed to have knowledge of such risks and assumes the risk of injuries arising therefrom.

Such ordinary risks are assumed by an employee whether he is actually aware of them or not; for the dangers and risks that are normally or necessarily incident to his occupation are presumably taken into account in fixing his rate of wages. Among extraordinary risks are those arising out of the failure of the employer to exercise due care with respect to providing a safe place to work and suitable and safe appliances for the work. Such risks are assumed by the employee only when he has knowledge of them and dangers arising therefrom, or when the risks and the dangers are so obvious that an ordinarily prudent person under similar circumstances would have known the risk and appreciated the danger arising therefrom.

It has also been held that an employee who is injured by straining himself in the exertion of his job cannot hold the employer liable in common law negligence because only the employee can be the proper judge of his own strength. See *Ferguson v. Pheonix Cotton Mills,* (1901) 106 Tenn. 236, 61 S.W. 53.

In Prosser's *Law of Torts,* 4th Ed., at page 448, where the doctrine of assumption of risk is generally discussed, it is observed "there are certain risks which anyone of adult age must be taken to appreciate." Listed among those naturally appreciated dangers is "lifting heavy objects" and via a footnote the Tennessee case of *Ferguson v. Pheonix Cotton Mills, supra,* is cited as one of the authorities for that statement.

Counsel seeks to avoid the application of these general principles by reliance upon the holding of Tennessee Courts in *Railroad v. Duffield,* (1883) 80 Tenn. 63, and *Nashville Bridge Co. v. Hudgins,* (1938 M.S.) 23 Tenn.App. 677, 137 S.W.2d 327, and others, where, under the facts of those cases it was held that there was no employee assumption of the risk. Our examination of the cited cases reveals certain factual elements therein present that are not only not present in the instant case, but are specifically negated. Those cases, in essence, involve elements of sudden emergency or reliance upon a supposed superior knowledge by the employer. Those elements are not here present and those re-

lied-upon cases have no application to the facts of this case.

Therefore, we conclude that this record presents no genuine issue of material fact and that the Trial Judge did not err in granting summary judgment for defendant. Accordingly, the judgment below is affirmed with costs of appeal adjudged against appellant and surety.

Done in Jackson in the two hundred and eighth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.