Judy HAMILTON, et al.,
Plaintiffs-Appellants,

v.

Robert BEAN, et al.,
Defendants-Appellees.

No. 83–5613.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 29, 1984.

Decided Oct. 10, 1984.

Rehearing Denied Nov. 6, 1984.

W. Lee Pittman, argued, Edmond & Vines, David Laning, Lloyd Gathings, Kathryn H. Sumrall, Birmingham, Ala., for plaintiffs-appellants.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Robert E. Washburn, argued, Thomas F. Fine, Richard B. Campbell, T.V.A., Knoxville, Tenn., for defendants-appellees.

Before KENNEDY, Circuit Judge, PHILLIPS, Senior Circuit Judge, and WOODS, District Judge.*

PHILLIPS, Senior Circuit Judge.

Five supervisory employees of the Tennessee Valley Authority were sued for negligence in the accidental death of a co-employee, plaintiffs' decedent, Bobby Ray Hamilton. The plaintiffs, Hamilton's widow and children, are residents of Alabama. The defendants are residents of Tennessee.

* Honorable George E. Woods, United States District Judge for the Eastern District of Michigan,

Jurisdiction is based upon diversity of citizenship. Tennessee law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

District Judge Odell Horton granted summary judgment in favor of defendants based on Tennessee law that co-employees are not liable for breach of an employer's duty to provide a safe work place. Because of this disposition of the case, the District Court did not pass upon other issues raised by defendants, including immunity, contributory negligence and assumption of risk. This Court agrees with the District Judge that neither the complaint nor a proposed amended complaint state a claim of personal negligence on the part of defendants under Tennessee law. Accordingly, we affirm the summary judgment of the District Court.

## I

The original complaint averred that on August 15, 1980, Bobby Ray Hamilton was a carpenter employed by the TVA, acting within the course and scope of his employment at the TVA's Pickwick Landing Main Lock Project near Savannah, Tennessee. Hamilton was working with two other men (who are not named as defendants) in removing steel and wood forms for concrete pours, which also are used as scaffolds. Hamilton "rode up" one of the wooden forms by remaining on it during the wedging and raising process. When the form broke free from the pour, he slid off, fell about 60 feet to the concrete floor of the dock and died as a result.

## II

District Judge Horton, in granting defendants' motion for summary judgment, stated:

> "[I]t is clear to the Court that this suit is strictly based upon an alleged failure to provide a safe work place. It is plaintiffs' position essentially that this duty has been delegated to the defendants, as

sitting by designation.

employees of TVA, who allegedly breached that duty.

"The fatal flaw in the complaint is that under Tennessee law, which is applicable in this case, the duty to furnish an employee a reasonably safe place to work is the duty of the employer, and that duty is 'personal, continuous, and non-delegable.'"

Judge Horton's quotation is from the opinion of the Tennessee Court of Appeals, speaking through Judge Sam L. Felts, in *Overstreet v. Norman*, 44 Tenn.App. 343, 349, 314 S.W.(2d) 47, 50 (1957). Judge Felts stated the Tennessee rule as follows:

> The master owes the duty of ordinary care to prevent injury to the servant in the work, and he is bound to use such care to furnish the servant a reasonably safe place and safe appliances for the work. This duty of the master is personal, continuous, and non-delegable. 39 C.J., Master and Servant, secs. 408, 412, 441; 56 C.J.S. Master and Servant secs. 183, 186, 201; 35 Am.Jur., Master and Servant secs. 175, 183, 353, 358; *Smith v. Dayton Coal & Iron Co.*, 115 Tenn. 543, 558, 92 S.W. 62, 4 L.R.A., N.S., 1180; *Morriss Bros. v. Bowers*, 105 Tenn. 59, 65, 58 S.W. 328; Prosser on Torts (2nd Ed.) 373–377.

To like effect, *see Brown & Sons Lumber Co. v. Sessler*, 128 Tenn. 665, 163 S.W. 812 (1913).[1]

### III

Appellants contend that their postjudgment motion to alter the judgment and amend their complaint should have been granted and that the failure of the District Court to grant their motion was an abuse of discretion.

■ The granting or denial of such a motion is in the discretion of the district court and will be affirmed so long as this discretion is not abused. *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321,

330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1970). In the present case the District Judge denied the motion on the ground that amended complaint failed to correct the shortcomings of the original pleading and that the proposed amendment would be futile.

■ Denial of such a motion is not an abuse of discretion where "[t]he infirmities of the original complaint are not dissipated by the amended complaint." *Hohensee v. Akron Beacon Journal Publishing Co.*, 277 F.2d 359, 360 (6th Cir.1960).

The decision of the District Court is affirmed.

### ORDER DENYING PETITION FOR REHEARING

Appellants have filed a petition for rehearing in this diversity of citizenship case, contending that this Court misapprehended the law of Tennessee regarding an employer's non-delegable duty to provide a safe work place.

Upon consideration, the Court concludes that the district court and this Court correctly applied the law of Tennessee, which is controlling in this diversity case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Accordingly, it is ORDERED that the petition for rehearing be and hereby is denied.

Entered by order of the Court.

---

1. There are no recent Tennessee decisions on this issue, since the Tennessee Workers' Compensation Law provides that rights and remedies granted to an employee subject to this statute, on account of personal injury or death by accident, exclude all other rights and remedies. TCA § 50–6–108.