**Dana THOMPSON, Plaintiff,**

v.

**SUPERIOR FIREPLACE COMPANY, et al., Defendants.**

**No. 89–1144.**

United States District Court,
W.D. Tennessee, E.D.

Jan. 23, 1990.

---

**260**

Gary S. Logsdon, Brownsville, Ky., Steve Downey, Bowling Green, Ky., and Jeffrey A. Garrety, Jackson, Tenn., for plaintiff.

Allen S. Blair, Hanover, Walsh, Jalenak & Blair, Memphis, Tenn., for defendant Sheet Metal Workers Intl. Ass'n, AFL–CIO–Local No. 4.

## ORDER GRANTING DEFENDANT UNION'S MOTION FOR SUMMARY JUDGMENT

TODD, District Judge.

On August 29, 1989, Plaintiff Dana Thompson filed suit against Defendants Superior Fireplace Company, Mobel Holdings Corporation, Mobex Corporation, Mayex Corporation, Cincinnati Incorporated, and Sheet Metal Workers International Association, AFL–CIO—Local No. 4 ("Union"), for injuries she sustained while operating a power press at her place of employment.[1] Defendant Union has filed a motion for summary judgment claiming that it has no duty to provide Plaintiff with a safe workplace. For the reasons set forth below, Defendant's motion for summary judgment is granted.

Plaintiff Dana Thompson was employed by Superior Fireplace Company in its fabrication department. Defendant Union is the exclusive collective bargaining representative for the bargaining unit in which Plaintiff was employed. On August 29, 1988, Plaintiff was injured while operating machinery to which she had been assigned by the company. On August 29, 1989, Plaintiff filed this action seeking recovery from numerous parties for her injury.

In her complaint, Plaintiff alleges that Defendant Union "pursuant to written contracts, implied in law, contract or warranty and/or with negligence did fail to provide and secure for the Plaintiff a safe work place and work environment ... after having assumed such duty by virtue of written contract and/or implied in law, contract or warranty." (Complaint, p. 15). The complaint further alleges that Defendant Union "negligently failed to provide the Plaintiff with a safe work place and work environment." *Id.*

In order to prevail on a motion for summary judgment, the moving party has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). Affidavits and other proof may be offered by the moving party in support of the motion, and when the motion is so supported, the opposing party may not rest upon the pleadings but must present, by counter-affidavit or otherwise, proof of specific facts showing that a genuine issue of material fact does exist. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

To determine if summary judgment is appropriate, the court must review the entire record. *See Smith v. Hudson,* 600 F.2d 60, 64 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). At the summary judgment stage the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter but only to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Plaintiff's state law tort claim is based upon her allegation that Defendant Union owed her a duty to provide a safe

---

1. Defendant Mayex Corporation was voluntarily dismissed from the suit on October 6, 1989. On December 1, 1989, Defendants Superior Fireplace Company, Mobel Holdings Company, and Mobex Corporation were dismissed upon motion for dismissal.

workplace. At common law, however, it is the *employer,* not the labor union, that owes employees a duty to exercise reasonable care in providing a safe workplace. *International Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 859, 107 S.Ct. 2161, 2167, 95 L.Ed.2d 791 (1987). *See* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* 569 (5th ed. 1984). Under Tennessee law, as under the general common law, "the duty to furnish an employee a reasonably safe place to work is the duty of the employer, and that duty is 'personal, continuous, and non-delegable.'" *Hamilton v. Bean,* 745 F.2d 1034, 1036 (6th Cir.1984) (quoting *Overstreet v. Norman,* 44 Tenn. App. 343, 349, 314 S.W.2d 47, 50 (1957)). Hence, it is clear that Tennessee law places no duty on Defendant Union to provide a safe workplace to Plaintiff.

▉ Another party, such as a labor union, may assume a responsibility towards employees by accepting a duty of care through contractual agreement. *Hechler,* 481 U.S. at 860, 107 S.Ct. at 2167. However, unless the employer has contracted with the union to assume those obligations, the employer remains solely liable for assuring its employees' safety. The pertinent question thus becomes whether the collective bargaining agreement ("CBA") between the employer and the union places a duty on the union to ensure a safe workplace for the employees. *Id.* at 862, 107 S.Ct. at 2168.

In this case, Plaintiff contends that this duty has been assumed by Defendant Union in the CBA. Plaintiff asserts that the CBA imposes a duty on Defendant to participate on a safety committee to monitor safety and training of its members. The court disagrees. Although the CBA establishes a safety committee made up of both company representatives and union representatives, this committee is charged only with promoting and supporting conditions of safety, health, and sanitation. The safety committee is not empowered to implement or enforce safety rules. Moreover, this provision of the CBA specifically states that the company "has the final say in all

matters concerning safety." (CBA, Art. XVII, sec. 2, p. 34).

In *Bryant v. United Mine Workers,* 467 F.2d 1 (6th Cir.1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1370, 35 L.Ed.2d 592 (1973), the CBA between the miners and the company included a provision stating that there "shall be a mine safety committee ... [that] may inspect any mine development or equipment...." *Id.* at 5. The *Bryant* plaintiffs contended that this language placed a duty to inspect upon the union. The Sixth Circuit rejected this contention, stating that although these provisions could be read to vest the union with certain rights, the union had no *duty* to exercise those rights. *Id.* at 4–5.

A careful analysis of the CBA in the instant case demonstrates that, like the CBA in *Bryant,* there is no provision requiring inspection by Defendant Union. The CBA in question neither places upon Defendant Union any specific duties with regard to safety of the workplace, nor empowers Defendant to enforce any duties owed by the company.

Plaintiff relies on the Idaho Supreme Court's decision in *Rawson v. United Steelworkers of America,* 115 Idaho 785, 770 P.2d 794 (1988), to support her contention that Defendant Union owed her a duty to provide a safe workplace. However, Plaintiff's reliance is misplaced. The *Rawson* court expressly stated that "we are not faced with looking at the Collective Bargaining Agreement to determine whether it imposes some new duty upon the union— rather it is conceded the union ... did actively undertake the subject inspection duties." *Id.* at 796. Hence, the issue faced by the *Rawson* court was substantially different than that considered by this court today.

Plaintiff has failed to show this court that Defendant Union owed her a duty to provide a safe workplace either as a matter of law or that Defendant Union assumed a duty under the CBA. In the absence of a common law duty or contract language imposing a specific duty on Defendant Union, Plaintiff can place no responsibility upon

Defendant Union for ensuring a safe workplace.

Plaintiff has failed to show that a genuine issue of material fact exists regarding her allegations that Defendant Union has a duty to provide a safe workplace. Accordingly, the motion for summary judgment of Defendant Sheet Metal Workers International Association, AFL–CIO—Local No. 4, is GRANTED.

IT IS SO ORDERED.