**Michael Doug SUDDATH,
Plaintiff–Appellant,**

v.

**Charles J. PARKS, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 30, 1995.

Rehearing Denied Oct. 2, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 29, 1996.

Donald E. Overton & Glenna W. Overton, Overton & Overton, Knoxville, for appellant.

Browder G. Williams, Harriman, for appellee.

## *OPINION*

SUSANO, Judge.

This is a personal injury action arising out of employment not covered [1] by the Workers' Compensation Law. Michael Doug Suddath (Suddath) appeals the trial court's grant of summary judgment to his employer, the defendant Charles J. Parks (Parks). Suddath worked as a farm hand on Parks' cattle farm and suffered injuries when he was butted by one of Parks' bulls. Suddath alleged that Parks failed to provide a safe place for him to work, failed to warn of the subject bull's "potential[ly]" aggressive nature after being separated from the heifers, and failed to provide proper instructions and training to enable Suddath to protect himself from an attack by the bull. The trial court concluded that the undisputed material facts demonstrated that Parks was entitled to summary judgment. On this appeal, the appellant Suddath essentially poses a single issue: is the defendant Parks entitled to summary judgment based upon the material facts that are not in dispute?

### I

Suddath commenced his employment on Parks' farm in late 1990. His previous work experience included summertime work on his uncle's dairy farm when he was nine or ten until he was 13. Suddath's duties on Parks' farm included cattle feeding, hay cutting and baling, fence mending, and mechanical work. At some time in August, 1992, Parks elected to separate his two bulls from his herd of cows in order to better control the time of their breeding. Suddath testified by deposition that sometime after that August, the smaller of the bulls became "a little rambunctious" and would bump its feed bag. He further testified that he informed Parks of this behavior and that Parks told him to "keep a close eye on the small bull."

One day in April, 1993, Suddath picked up a bale of hay with a tractor and took it to the field where the two bulls were pastured. He got out of the tractor, unrolled the bale of hay and began spreading corn on top of the hay. As Suddath was spreading the corn and watching the smaller bull, the larger bull butted him from behind. As a result of the incident, he sustained injuries to his back, neck, and right leg. He sued Parks for $500,000. The latter answered, denying that he was guilty of any negligence.

### II

We examine the trial court's grant of summary judgment under the standard set forth in Tenn.R.Civ.P. 56.03. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A trial court faced with a motion for summary judgment is required to consider the motion in the same light as a motion for directed verdict made at the close of the plaintiff's proof, i.e., "the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall,* 847 S.W.2d 208, 210–11 (Tenn.1993). Since our review involves only a question of law, no presumption of correctness attaches to the trial court's judgment. *Gonzales v. Alman Constr. Co.,* 857 S.W.2d 42, 44 (Tenn.App.1993).

We begin our analysis of this case by noting that the parties to this controversy appear to agree on the basic facts of the case, i.e., that Suddath worked for Parks on his farm, that Parks separated his bulls from his cows, that Suddath some months later went to feed the bulls, that Suddath was rammed by the larger bull and that Suddath suffered injuries from that assault. Suddath argues that at least one genuine issue of material fact remains to be decided: whether Parks

---

1. The defendant employed less than five individuals. *See* T.C.A. §§ 50-6-102(a)(3)(A); 50-6- 102(a)(4); and 50-6-106(4). *See also Garner v. Reed,* 856 S.W.2d 698, 699 (Tenn.1993).

warned Suddath to pay particularly close attention to the smaller bull after it had butted a feed bag. A "material fact" has been defined as a fact "that must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd* at 211. We do not believe that whether Parks warned Suddath about the smaller bull constitutes a material fact in this dispute: the warning simply does not bear on Parks' duty to Suddath with regard to the *larger* bull. Even if Parks did in fact warn Suddath, this was only in keeping with an employer's duty to warn employees of known dangers. We find that there are no genuine issues of material fact left in this case. It remains to be seen if those facts show that the defendant is entitled to judgment as a matter of law.

■ A defendant moving for summary judgment may avail itself of one of two avenues: it may negate an essential element of the nonmoving party's claim, or it may seek to establish an affirmative defense. *See Byrd* at 215, n. 5. Parks has chosen the former route in this case. The basic elements of a negligence action are a duty of care owed to the plaintiff, a breach of that duty, resulting injury to the plaintiff, and factual and legal causation. *See, e.g., Haynes v. Hamilton County,* 883 S.W.2d 606, 611 (Tenn.1994). An employer, as part of its duty of ordinary care, has a duty to provide a reasonably safe working environment for its employees. *Overstreet v. Norman,* 44 Tenn.App. 343, 314 S.W.2d 47, 50 (1957). Parks attempts to negate the element of breach by arguing that the undisputed facts conclusively show that he did not violate a duty owed to the plaintiff.

There can be no doubt that Parks owed a duty to Suddath to protect him from, or warn him of, any latent or hidden dangers involved in Suddath's employment, of which Parks was aware or should have been aware through the exercise of reasonable diligence. Our central inquiry in this case is to determine whether Parks knew of dangers that were not obvious to Suddath. If Parks knew that the larger bull had demonstrated harmful tendencies beyond what might be expected, he had a duty to protect Suddath from this known danger or, at a minimum, to warn him about it.

During his deposition Suddath stated that he did not feel it necessary to watch the larger bull during feeding because "[w]e'd never had any trouble out of [the animals]." Suddath's own statement during his deposition wholly undercuts his allegation that Parks knew or should have known the larger bull posed a special danger. Even taking the "strongest legitimate view of the evidence in favor of the nonmoving party" and allowing "all reasonable inferences in favor" of Suddath, we cannot find merit in his allegation that Parks knew or should have known of an unusual aggressive propensity on the part of the larger bull. *See Byrd* at 210–11. Parks denied such knowledge and, as previously indicated, Suddath's testimony supports his employer's testimony.

■ In an effort to prove that Parks knew or should have known that separating the two bulls from the cows could trigger aggressive behavior by the bulls, Suddath stresses Parks' statement that he attended a ten-week training session on veterinary principles in 1989. Suddath implies that Parks learned or should have learned during that class that separation might render the bulls aggressive. We find, however, that the plaintiff has not produced any admissible evidence [2] that such a linkage between separation and aggressive behavior is known to veterinary science, much less that it was taught at the course attended by Parks. We further observe that Suddath himself, during his deposition, stated that he knew of nothing

2. Suddath has appended an article on social interaction between young cattle and humans to his response to the defendant's motion for summary judgment. He has not, however, laid a foundation for the introduction of such an article, nor has Parks stipulated to the expertise of its author. We therefore cannot consider the article to be part of the record before us. *See Byrd* at 215. (". . . the facts on which the nonmovant relies must be admissible at the trial. . . .")

"wrong or dangerous" in separating bulls from cows. The undisputed facts fail to show any knowledge on the part of Parks that would impose a duty on him to warn or instruct Suddath regarding any unusual aggressive propensities of the larger bull. In fact, the proof before us affirmatively reflects that neither Parks nor Suddath knew of any incidents where the larger bull had aggressively approached a human. That same proof also affirmatively reflects that Parks had no knowledge that separating the bulls from the cows increased the former's propensity for aggressive behavior.

We find that the undisputed facts clearly reflect that the defendant's general duty to provide Suddath a safe working environment did not include a duty to warn or instruct him regarding any special aggressive tendencies of the larger bull, same being unknown to the defendant.

■ We believe that there is an additional reason why Parks had no duty to warn Suddath regarding the larger bull. As to the conduct of bulls generally, we believe that it would be obvious to a reasonably prudent person, that a bull may, under normal circumstances, butt a human. The defendant was under no duty to warn of an obvious danger. *See Eaton v. McLain,* 891 S.W.2d 587, 595 (Tenn.1994). That the danger involved in working with these type animals was known to the plaintiff is clearly shown by his own testimony:

> Q. You're aware, I mean, they're big animals, they weigh a lot and stuff like that, you have got to stay out of their way or they may hit you and hurt you, aren't you?
>
> A. Yes, sir.

To paraphrase a saying, "bulls will be bulls."

For the foregoing reasons, we conclude that Parks has demonstrated that no genuine issues of material fact remain to be decided and that he is entitled to a judgment as a matter of law.

The judgment of the trial court is affirmed. This cause is remanded to the court below for the collection of costs assessed there. The costs of this appeal are taxed against the appellant and his surety.

FRANKS and McMURRAY, JJ., concur.

### ORDER

The appellant's petition for rehearing is hereby DENIED at the appellant's costs.

IT IS SO ORDERED.

FRANKS and McMURRAY, JJ., concur.