WESTERN UNION TELEGRAPH CO. v. BENDER.—148 S. W. (2d) 44.

Eastern Section. August 10, 1940.

Petition for Certiorari denied by Supreme Court, October 5, 1940.

644

Spurlock & Spears, of Chattanooga, for plaintiff in error.

S. H. Ford and R. W. Kemmer, both of Chattanooga, for defendant in error.

McAMIS, J. Plaintiff below sustained personal injuries when he was negligently run into by a boy riding a bicycle. The accident occurred at the corner of 8th Street and Cherry Street in Chattanooga on July 15, 1938. The present suit was instituted against the Western Union Telegraph Company on November 28, 1938.

At the conclusion of all the evidence defendant moved the court to direct a verdict in its favor upon the ground that there was no evidence from which the jury might conclude that the boy riding the bicycle was in its employ and engaged upon a mission for it when plaintiff was injured. The negligence of the rider of the bicycle is not denied and the amount of the verdict returned by the jury is not attacked as excessive. The sole question to be determined upon this appeal in error prosecuted by the defendant Western Union Telegraph Company is whether or not the court erred in refusing to direct a verdict upon the ground assigned.

Plaintiff testified that the boy on the bicycle with which he collided wore a Western Union uniform with the words "Western Union" both upon his shirt or jacket and on his cap. It appears that the corner of 8th and Cherry Streets is located one or two blocks from the office of Western Union Telegraph Company in Chattanooga. Plaintiff says after he had been picked up he saw the boy leave on his bicycle going in the direction of the office of the Western Union Telegraph Company. Plaintiff further testified that he saw the same boy, a week or two later, among a group of other boys riding bicycles going in and coming out of the office of the Western Union Telegraph Company. He says the collision occurred between 8 and 9 o'clock A. M. The foregoing is the only material evidence upon the question to be determined.

In behalf of defendant it is insisted that the jury could not have found that the boy riding the bicycle was upon a mission for defendant at the time without resorting to speculation, while plaintiff relies upon the case of Western Union Telegraph Company v. Lamb, 140 Tenn., 107, 203 S. W., 752.

In the Lamb case plaintiff was run into by a boy wearing a Western Union uniform with the words "Western Union Messenger Service" printed on the cap. Defendant's office, it appears, was located at the same street intersection where the collision occurred and the

boy who collided with plaintiff passed directly from the scene of the collision, parked his bicycle where messenger boys were accustomed to parking their bicycles while not in use and entered defendant's place of business. He had been seen about the office of defendant, in uniform, before the collision and afterwards. The collision in that case occurred about 1:30 P. M.

The court said: ''It is established from these circumstances almost beyond reasonable doubt that this boy was in the employ of defendant for the purpose of receiving and delivering messages. From the added fact of the boy passing immediately from the scene of the accident to the offices of defendant, the jury were warranted in inferring that the boy was on the business of his employer. At all events, we cannot say as a matter of law that he was not so engaged.''

The court further stated that if the true facts were not with the prima facie showing made by plaintiff, defendant could have fully exonerated itself by showing the true facts which were peculiarly within its knowledge and rejected the insistence made by defendant that it was a matter of conjecture whether the boy was returning from lunch at the time the collision occurred or engaged upon a mission for defendant.

While the facts of this case are, perhaps, not as strongly indicative of the relationship of master and servant and action within the scope of employment, we think they were sufficient to justify the action of the trial court in submitting these issues to the jury. In both cases the collision occurred during business hours. In both cases the boy riding the bicycle wore a standard uniform of the defendant with its name printed thereon and, at the time of the collision, was riding a bicycle in the usual and customary manner in which messages were delivered by defendant. The only material difference appears to be that in the Lamb case the boy went immediately to the office of the defendant while in this case he merely went in the direction of the defendant's office which was one or two blocks distant from the point of collision.

Whether messenger boys were permitted to wear the Company's uniforms when not engaged in delivering messages was a matter peculiarly within the knowledge of the defendant. The use of this uniform tended to prove that the boy in question was in the general employ of defendant and the fact that he was wearing it under conditions which normally resembled those which attended its use in connection with the master's business as well as the added fact that he was traveling in the direction of defendant's place of business tended to show that, at the very time of the collision, he was upon a mission for defendant.

It results that the assignments are overruled and the judgment below affirmed.

Portrum and Ailor, JJ., concur.