# VAUGHN v. STANDARD SURETY & CASUALTY CO. (two cases).—184 S. W. (2d) 556.

Middle Section. April 29, 1944.

Petition for Certiorari denied by Supreme Court, December 8, 1944.

Williams, Reynolds & Moore, of Chattanooga, for appellant.

George S. Buckner, of Murfreesboro, and McAllen Foutch, of Smithville, for appellees.

HICKERSON, J. Standard Surety & Casualty Company issued a policy of insurance which covered a fleet,

of trucks owned and operated by W. A. Smith. The policy provided:

"Standard Surety & Casualty Company of New York, does hereby agree with the Insured, named in the Declarations made a part hereof, in consideration of the payment of the premium and of the statements contained in the Declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"Insuring Agreements

"I. Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

. . . . .

"III. Definition of 'Insured' Except where specifically stated to the contrary, the unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business', or 'commercial', each as defined herein, and provided further the actual use is with the permission of the named insured. The provisions of this paragraph do not apply:

. . . . .

" (d) to any employee of an insured with respect to any action brought against said employee because of

bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured.

.    .    .    .    .

"Exclusions

"This policy does not apply:

.    .    .    .    .

"(e) under coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law."

Beecher Vaughn, a minor, was injured while riding in one of the trucks which was covered by this insurance policy. In suits at law he recovered a judgment of $2500 and costs of $43.72 for damages resulting from his injuries; and Elijah Vaughn, father of Beecher Vaughn, recovered a judgment of $500 and costs of $96.70 for loss of services, doctors' bills, medical expenses, etc. It was stipulated:

"That both of these judgments were for injuries and damages growing out of an automobile accident in which Beecher Vaughn was injured while riding on a truck owned and operated by W. A. Smith in the course of his business, which truck was being driven by Hilton Browning, an employee of W. A. Smith, in the regular course of his duties and scope of employment at time of the accident."

The judgments were against Hilton Browning and not against W. A. Smith.

After complainants failed to collect their judgments upon execution the present suits were filed by them seeking to recover of Standard Surety & Casualty Company the full amount of the judgments and costs upon the theory that the policy of insurance which defendant issued to W. A. Smith, which covered the truck involved in the accident, obligated the defendant Insurance Company to pay these judgments.

The Insurance Company defended these chancery suits on the grounds: (1) That this was a suit by one employee of the insured against another employee of the insured for injuries sustained in the course of their employment in an accident arising out of the use of the truck covered by the insurance policy in the business of the insured, and that the policy of insurance does not cover Hilton Browning, the driver of insured's truck at the time of the accident, as an additional insured under such facts; (2) that Beecher Vaughn received his injuries "by accident arising out of and in the course of employment", and that his injuries sustained in this manner were compensable under the Workmen's Compensation Law of Tennessee, and that the policy of insurance expressly excluded coverage to injuries which were compensable under the Workmen's Compensation Law; and (3) that these exclusion clauses applied to the suits of Beecher Vaughn and Elijah Vaughn.

The Chancellor held that: Beecher Vaughn was not an employee of W. A. Smith at the time of the accident; his injuries were not received in the course of his employment; the contract of employment did not provide for transportation and Beecher Vaughn was riding in this truck of his employer as an invitee for his own convenience, and not as a matter of right or contract; the transportation of Beecher Vaughn was not an incident

to his employment and it could not be implied from the contract that transportation was to be furnished by W. A. Smith to Beecher Vaughn to and from his work. Complainants' suits were sustained and a decree was entered accordingly in the causes which were consolidated and tried together in the Chancery Court by agreement.

There is one determinative question presented by the assignments of error: Did the injuries which Beecher Vaughn received arise out of and in the course of his employment? If so, the Insurance Company would not be liable under its policy for the payment of the judgments against Hilton Browning, the driver of the truck, because injuries received in such manner were excluded from coverage under the express terms of the policy.

The proof shows, the Chancellor held, and it is conceded by defendant, that transportation of Beecher Vaughn to and from his work was not an express term or condition of the contract of employment. The Insurance Company contends, however, that such transportation was incidental to his contract of employment, an essential part thereof, and necessarily implied from all the facts and circumstances surrounding the contract of employment and the performance of the duties thereunder. In Norwood v. Tellico River Lumber Company, 146 Tenn. 682, 688, 244 S. W. 490, 491, 24 A. L. R. 1227, our Supreme Court said:

"It is generally held that, where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going to or returning from his work in the vehicle so furnished by the employer, and under his control, arises out of and is within the course of the employment, within the meaning of Workmen's Compensation Acts. Dominguez v. Pendoia, 1920, [46] Cal. App. [220], 188 P. 1025; Swanson v.

Latham, 1917, 92 Conn. 87, 101 A. 492; Scalia v. American Sumatra Tobacco Co., 1918, 93 Conn. 82, 105 A. 346; Harrison v. Central Const. Corp., 1919, 135 Md. 170, 108 A. 874; [In re] Donovan, 1914, 217 Mass. 76, 104 N. E. 431, Ann. as. 1915C, 778; State ex rel. London & Lancashire Indemnity Co. v. District Court, 1919, 141 Minn. 348, 170 N. W. 218; Littler v. George A. Fuller Co., 1918, 223 N. Y. 369, 119 N. E. 554; Hackley-Phelps-Bonnell Co. v. Industrial Commission, 1917, 165 Wis. 586, 162 N. W. 921, L. R. A., 1918A, 277; Holmes v. Great Northern R. Co., (1900), 2 Q. B., 409; Cremins v. Guest (1907), 24 Times L. R., 189.'' See also McClain v. Kingsport Improvement Corporation, 147 Tenn. 130, 245 S. W. 837; Sharp Drug Stores v. Hansard, 176 Tenn. 595, 144 S. W. (2d) 777; Oman v. Delius, 10 Tenn. App. 467; Johnson v. Ætna Casualty & Surety Company, 5 Cir., 104 F. (2d) 22; State Farm Mutual Automobile Insurance Company v. Brooks, 8 Cir., 136 F. (2d) 807; the annotation in Radermacher v. St. Paul City Railway Company, 214 Minn. 427, 8 N. W. (2d) 466, 145 A. L. R. 1027, which begins at 145 A. L. R. 1033.

W. A. Smith, the named insured under the policy in question, was engaged in building electric power lines in Warren County, Tennessee. He had his headquarters for this project in McMinnville, Tennessee, and worked about ten crews of laborers which ran as high as two hundred men. All laborers were required to report about seven o'clock in the morning at the office or headquarters of W. A. Smith in McMinnville. From that place, each morning the different crews of workmen would be sent out to the various parts of Warren County. They worked at distances ranging from five miles to fifty or sixty miles from McMinnville. The insured owned a fleet of trucks in which he transported materials for the construction

of the power lines; and also, the laborers that worked in the various crews. When the work was finished for the day these laborers were transported on the trucks owned and operated by W. A. Smith from the job where they quit work back to McMinnville if they so desired. There was no specific requirement that the men had to come back to the office at McMinnville in the afternoon after they had finished their day's work. They could go directly from the job where they quit work to their homes if they so desired, but they were compelled to report at the office in McMinnville each morning before going to work. These laborers worked by the hour, and were not paid for the time which it took to transport them to and from their work. Their time began when they reached the job and started to work and ended when they quit work at the job. Beecher Vaughn was employed under these conditions. It was definitely shown that he knew that the truck would be at W. A. Smith's office in McMinnville each morning to transport him to his work, and would be on the job when he quit work in the afternoon to transport him back to McMinnville if he wanted to ride on it. He had used his employer's trucks to ride to and from his work each day from the time he was employed until he was injured, which was only eight days. He did not know definitely to which crew he would be assigned each morning. He might go to one part of the county one day and to another part the next day to work. On the day complainant was injured he finished work in the afternoon about four o'clock as usual, got into one of the trucks of his employer with other workmen, the truck being driven by Hilton Browning, a fellow employee, and started to McMinnville. The truck was involved in an accident on the way to Mc-Minnville and complainant was injured. Complainant

received thirty cents an hour for the actual time which he worked on the job.

Under these facts and circumstances, we cannot escape the conclusion that the transportation of Beecher Vaughn to and from his work was a necessary incident to his contract of employment. It is not reasonable to suppose that any laborers could be employed for thirty cents an hour who had to furnish their own transportation over a distance ranging from ten miles to one hundred twenty miles, each day, going to and from their work. While no express contract for transportation was made with complainant, there was testimony that he knew and expected that he would be transported by his employer in these trucks from McMinnville in the morning to the job where he would work and from the job in the afternoon back to McMinnville. It is not reasonable to suppose that the contracting parties would contemplate that these men would be carried in trucks a distance of fifty or sixty miles from McMinnville and not returned after the day's work was done. It is true that complainant did not have to avail himself of this means of transportation, but as an actual fact he did avail himself of it.

We, therefore, hold that transportation was incidental to the employment contract and a part thereof; and that Beecher Vaughn was an employee of W. A. Smith at the time he was injured, riding in a truck which was operated by Hilton Browning, another employee of W. A. Smith, on business for W. A. Smith—transporting complainant and the other laborers who had worked on the job that day back to McMinnville according to the usual custom and practice. Having reached that conclusion, the defendant Insurance Company is not liable for the payment of the judgments which complainants

seek to collect from it in these causes since coverage is expressly excluded by Section III(d) of the policy contract.

■ We are also of the opinion that the injury of Beecher Vaughn was compensable under the Workmen's Compensation Law of Tennessee (Code Section 6851 et seq.) as an "injury by accident arising out of and in the course of employment"; and for that reason complainants cannot maintain their present suits against the defendant Insurance Company because such injuries are expressly excluded from coverage by the terms of the policy under "Exclusions (e)" of the policy.

■ It is true that the judgments which complainants seek to collect by these suits were recovered against Hilton Browning, an employee of W. A. Smith, the named assured in the policy; and Hilton Browning would not be liable under the Workmen's Compensation Law for the injuries which Beecher Vaughn sustained. The scope of the coverage under the policy, however, is expressly limited to injuries which are not compensable under the Workmen's Compensation Law of Tennessee. If, at the time the accident occurred which resulted in the injuries, it can be said that the injured person may have a recovery under the Workmen's Compensation Law of Tennessee for such injuries against the insured, he cannot recover under the policy of insurance in question here. That exclusion is equally effective whether judgment is obtained at law by the injured party against the named assured or one driving the truck with the permission of the named assured and thus coming within the terms of an additional insured. The policy does not apply and cover an injury which is compensable under the Workmen's Compensation Law. Bernard v. Wisconsin Insurance Company, 1932, 210 Wis. 133, 245 N. W. 200. For

the same reason the policy does not cover the judgment in favor of Elijah Vaughn. We have no doubt that Beecher Vaughn will be able to maintain the suit which he brought under the Workmen's Compensation Law to recover for these same injuries. That suit is now pending.

By its seventh assignment of error the defendant Insurance Company urges that the sworn petition which was filed by Beecher Vaughn under the Workmen's Compensation Law in which he alleged he was injured in an accident which arose out of and in the course of his employment was a conclusive admission which excluded complainants from coverage under Sections III(d) and clause (e) under "Exclusions." This contention of the Insurance Company cannot be maintained. Beecher Vaughn was put in this position: he had suffered serious injuries and did not know whether his remedy was to sue at law and collect the judgment from the liability insurance carrier of W. A. Smith; or to sue under the Workmen's Compensation Act and recover for his injuries in that manner. Accordingly, he brought the compensation suit and alleged, more as a conclusion of law and fact than as an actual fact, that his transportation to and from work was a necessary incident to his employment, and that his injuries arose out of and in the course of his employment. To maintain that suit those facts would have to be established, but he did not know whether the Court would take that view. To the contrary, his remedy at law would be to prosecute a suit for damages, and then collect any judgment which might be awarded him from the liability insurance carrier. He and his father did recover judgments in actions at law and then brought the present bills in Chancery to collect these judgments out of the defendant Insurance Company. To meet the

defense in the present suit that his injuries were compensable under the Workmen's Compensation Law, complainant was compelled to take the position that his injuries did not arise out of and in the course of his employment, as a conclusion of law and fact, based upon the actual facts and circumstances surrounding his employment and the accident out of which the injuries arose. We think he had a right to file both suits and let the courts decide which suit could be maintained and which could not. Black Diamond Collieries v. Deal, 150 Tenn. 474, 265 S. W. 985; Wardrep v. Houston, 168 Tenn. 170, 76 S. W. (2d) 328; Hudgins v. Nashville Bridge Company, 172 Tenn. 580, 113 S. W. (2d) 738.

The decree of the Chancery Court is reversed and complainants' suits dismissed. The costs in the Chancery Court and on appeal will be taxed against complainants.

Felts and Howell, JJ., concur.