**Walter PATTY, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellee.

No. 12462.

United States Court of Appeals
Sixth Circuit.

Dec. 29, 1955.

Harry Berke, Chattanooga, Tenn., for appellant.

A. Fred Rebman, III, Chattanooga, Tenn. (Spears, Reynolds, Moore & Rebman, Alvin O. Moore, Chattanooga, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises out of an action instituted to collect a judgment of $7,500 rendered in the state court of Tennessee in favor of appellant against L. H. Park and O. B. Cunningham for negligent operation of an automobile truck. Appellant, who was working on the truck with three of his neighbors, suffered a broken hip. The truck in ques-

---

tion was the property of Robert Knauff and was being used with the consent of Knauff. It is in effect conceded that Cunningham is insured under paragraph III of an automobile liability policy issued by appellee to Knauff covering the truck in question, which reads as follows:

"III. *Definition of Insured.* With respect to the insurance for bodily injury liability, for property damage liability and for medical payments the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

\* \* \* \* \*

"(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The policy also contains an exclusion clause which reads as follows:

"Exclusions

"This policy does not apply:

\* \* \* \* \*

"(d) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law, or while engaged in the operation, maintenance or repair of the automobile."

At the conclusion of appellant's evidence in the Federal Court, to which the case had been removed, the District Court sustained a motion for directed verdict on behalf of appellee on the ground that appellant was an employee of Cunningham and excluded under the policy.

The only witness in the trial in the Federal Court was the plaintiff below, appellant here, who at the time of the accident was engaged in helping to bring in some hay on O. B. Cunningham's place near Chattanooga, Tennessee, at the request of O. B. Cunningham. The Cunningham place is some 500 feet from appellant's home in the country. Appellant, L. H. Park, and two other neighbors had been asked to help with the haying. They were using a truck belonging to Robert Knauff upon which, as found by the District Court, appellee had issued its automobile liability insurance policy. The truck had been loaned by Knauff to Cunningham for this work. As O. B. Cunningham was using the insured automobile with the consent of the owner Knauff, Cunningham was covered under paragraph III of the policy quoted above. The sole question is whether appellant was included in or excluded from the coverage under the other clauses of the policy quoted.

The evidence upon this question is not disputed. For some ten or twelve years appellant and O. B. Cunningham had been neighbors and had exchanged friendly and neighborly services on their respective properties. As appellant testified:

"Me and Mr. Cunningham, we have been just the same as one, together. We have helped one another and we have planted our crops together, we have gathered them together and we planted together, you know. I remember the time that he used my team, come up and got a team any time he wanted to. We have been just neighbors,—good neighbors, helping one another."

Appellant stated that he had never worked for Cunningham under a contract or salary agreement, that he quit

whenever he wanted to, did not appear at any stated time in working for Cunningham, and that he was doing whatever he did on a voluntary basis. He stated that no compensation was arranged for the haying and he received none. Cunningham, in doing "many chores" at appellant's place, appellant said, had likewise come on a voluntary basis. Cunningham, for instance, had helped appellant put in 200 pounds of potatoes in the spring. Appellant declared that, while Cunningham had paid him not "many times" but sometimes, for raking hay for Cunningham, in the last year Cunningham gave him "not a dime."

 The District Court in a somewhat extended memorandum stated that both counsel and the court had failed to discover a case directly in point on the facts. However, the court after a careful discussion of the testimony, decided that the case presented a question of law and that only one logical inference could be drawn from the evidence, namely, that appellant was Cunningham's employee and thus excluded from coverage.

We think this conclusion was erroneous. The inference which the court drew was reasonable, but other equally reasonable inferences could have been drawn. One logical conclusion might be that appellant's service to Cunningham was in return for like favors done by Cunningham. The practice of "swapping work" does not as a matter of law constitute employment. While appellant testified that in connection with the mowing Cunningham agreed to pay for new parts for appellant's mower, and appellant bought a blade costing around $5.00, one logical inference might be that Cunningham agreed to pay this expense, not by way of compensation, but in order to make the mower fit for operation. Such an inference would be reasonable, for when requested by Cunningham to help in the mowing on his place appellant twice refused, saying that his mower would not take Cunningham's heavy hay. Where more than one inference may be drawn from the evidence, even though the evidence is undisputed, the question of the existence of the employer-employee relationship is one of fact. Western Union Telegraph Co. v. Bender, 24 Tenn.App. 643, 148 S.W.2d 44. The case should have been submitted to the jury.

The judgment of the District Court is reversed and the case is remanded for further proceedings in accordance with this opinion.