CLINCHFIELD RAILROAD COMPANY
v.
UNITED STATES FIDELITY AND
GUARANTY COMPANY.

Civ. A. 1198.

United States District Court
E. D. Tennessee,
Northeastern Division.

March 27, 1958.

---

Tucker & Erwin, A. K. McIntyre, Harry N. Fortune, Erwin, Tenn., for plaintiff.

S. J. Milligan, Greeneville, Tenn., E. Lynn Minter, Kingsport, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This suit was removed to this court from the Circuit Court of Unicoi County, Tennessee. Plaintiff, Clinchfield Railroad Company, seeks indemnity for the payment of a judgment in the amount of $20,000, plus interest and costs, recovered by Ted Harrison in a suit against it lately pending in this court. For convenience plaintiff will be referred to as Clinchfield and defendant as Guaranty Company.

Clinchfield claims that the Guaranty Company by automobile disability and physical damage insurance policy issued to it agreed to pay on behalf of Clinchfield all sums which Clinchfield became legally obligated to pay as damages because of bodily injuries sustained by any person caused by accident arising out of the use or maintenance of the vehicles described in the policy. The policy also covered property damage but that provision is not pertinent to the issues in this case. The Guaranty Company also agreed to defend any suit against Clinchfield seeking damages on account of injuries to person or property.

The judgment recovered by Harrison was for injuries sustained by him on June 9, 1955. His suit was based on the Federal Employers' Liability Act, 45 U.

S.C.A. § 51 et seq. He was injured while riding in a Jeep driven by a fellow employee. The Jeep was listed in the policy and was being driven in furtherance of Clinchfield's business at time of the accident.

Guaranty Company moved to dismiss the complaint under Rule 12(b) (6), F.R. Civ.P. 28 U.S.C.A. upon the ground that the complaint failed to state a cause of action, or in the alternative for summary judgment under Rule 56, on the ground that there was no genuine issue as to any material fact and that the record in the case of Harrison v. Clinchfield Railroad Company and the insurance policy upon which the present suit is based, show that the judgment recovered by Harrison was not covered by the aforementioned insurance policy. Certain parts of the record in the Harrison case were filed as Exhibits to the motion.

The Court was of the opinion that the motion should not be sustained until Clinchfield was given a full opportunity to present its case. An order was accordingly entered on November 8, 1957 overruling the motion.

The answer of Guaranty Company denies liability upon the ground that the judgment in the Harrison case is not covered by the insurance policy. A pre-trial was recently held and the parties agreed that the questions involved were questions of law for the determination of the Court and that each would file a motion for summary judgment. This agreement is set forth in the pre-trial order of March 5, 1958.

Clinchfield has filed a motion for summary judgment insisting that the pleading, order pursuant to pre-trial and stipulations show that it is entitled to a judgment for the reason that the judgment is covered by the policy.

Guaranty Company has renewed its motion to dismiss, or for a summary judgment, based on the record in the present case and the record in the case of Harrison v. Clinchfield Railroad Company lately pending in this Court, renewing its insistence that the judgment is not covered by the policy.

The parties stipulated that Harrison was injured on June 9, 1955, while employed as a machinist by Clinchfield, at 3:30 p. m. after he had finished his physical labor on that date; that after he finished his work that day he went to a basement in a storehouse owned by Clinchfield and after taking a shower and changing his clothes started to walk on a concrete walkway on the premises of the railroad and proceeded half way between the machine shop and the place where he would cross the railroad track when Foster, a fellow-employee, driving a Jeep owned by Clinchfield and driven in furtherance of the business of Clinchfield, picked him up, and as the Jeep crossed the railroad company's yards in Erwin it collided with one of the moving trains of Clinchfield, causing injuries to Harrison. Clinchfield was not required to furnish Harrison transportation from his work to his home. Guaranty Company stipulated without waiving its insistence that the judgment settled the relationship of Harrison and Clinchfield at the time of the accident.

Paragraph III of the policy provides in part:

"The insurance with respect to any person or organization other than the Named Insured does not apply: (b) to any employee with respect to injury or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The exclusion provision in the policy that is relied on by the Guaranty Company to defeat recovery states:

"This policy does not apply:

(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the Insured while engaged in the employment, other than domestic, of the Insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;"

Defendant says that by deleting the inapplicable language from the foregoing exclusion provision that it would read thus:

"This policy does not apply:

(d) under coverages A and C, to bodily injury to * * * any employee of the Insured while engaged in the employment * * * of the insured * * *."

Clinchfield does not contend that the policy covers accidental injuries of Harrison sustained by him while engaged in his work for it. Clinchfield contends that Harrison had finished his day's work on the day of the accident and that the aforementioned exclusion provision does not exclude his accident from coverage.

Clinchfield contends further that the verdict of the jury and the judgment thereon of this Court is not res adjudicata of the question that Harrison was engaged in his work for Clinchfield at the time of the accident.

Guaranty Company insists that the verdict and judgment settled the question of the relationship of Harrison and Clinchfield at the time of the accident and that Clinchfield is judicially estopped to now assert that the verdict and judgment are not binding upon it in this suit.

■ The doctrine of res adjudicata in general binds only parties to the action in which judgment was rendered and their privies. 50 C.J.S. Judgments § 762, p. 288.

■ If a party has had a fair trial on a particular issue he is not, ordinarily, entitled to relitigate the issue because the policy of the law is to end litigation. The courts rule that such party is judicially estopped to relitigate an issue in a suit to which he was a party. 50 C.J.S. Judgments § 763, pp. 291, 292.

■ It is a general rule, subject to exceptions based on reason or necessity, that estoppels must be mutual. 50 C.J.S. Judgments § 765, p. 293.

■ As applied to the doctrine of res adjudicata, it is generally held that parties include all persons who have direct interest in the subject matter of the litigation and a right to control the litigation. 50 C.J.S. Judgments § 768, pp. 297, 298.

■ An indemnitor who has notice of a suit against an indemnitee and who is called upon to defend by the indemnitee will be concluded by judgment rendered in the suit, even though the indemnitor does not appear. 50 C.J.S. Judgments § 811, p. 361.

The indemnitor is concluded by the judgment rendered in respect to issues in prior litigation to which indemnitee was a party and identical with those issues in subsequent litigation if indemnitor had notice of the suit and was called upon to defend. 50 C.J.S. Judgments § 811, p. 362.

Notice and an opportunity to defend the action against the indemnitee are necessary to render the judgment against the indemnitee conclusive of the indemnitor. 50 C.J.S. Judgments § 812, p. 363; Restatement of the Law, Judgments, sec. 107, Clause "e", p. 515.

"In actions between the indemnitor and the indemnitee, the indemnitee is subject to the burdens, as well as entitled to the benefits, of the rules of res adjudicata with reference to matters determined in an action brought by the obligee or by the injured person. If the judgment is based on a finding of fact which if correct would discharge the indemnitor, the latter is discharged from liability to the indemnitee by such finding, unless by agreement the entire defense is controlled by the indemnitor. Thus where an insurance company insures a person against liability because of a negligent act except where he is driving an improperly registered car, in a jurisdiction in which the insurance company is made liable to an injured person for the negligent act by the insured within the terms of the policy, if an action is brought against the insured and the insurer refuses to defend or to participate

in the defense, a finding of fact relevant to the judgment that the insured was driving an unregistered car, would bind the insured in a subsequent action against the insurance company for indemnity. * * *" Restatement of the Law, Judgments, sec. 107, Clause (h), pp. 517, 518. See A.L.R.2d, Vol. 24, p. 330.

Guaranty Company, as indemnitor, was given notice by Clinchfield, as indemnitee, to defend the Harrison suit and Guaranty Company refused upon the ground that the wrongs complained of in the complaint were not covered by the insurance policy.

The question of whether Harrison was within his employment at the time of the accident was presented to the jury in various portions of the charge, for example: "The first question that arises to be disposed of by the jury is whether plaintiff was within his employment at the time of his injury." And again, "I say the first question that arises to be disposed of by the jury is whether plaintiff was within his employment at the time of his injury. The fact that he had a job with the railroad did not of itself bring him within the provisions of the Act. Referring to the Federal Employers' Liability Act. Before he can recover under the Act it must be made to appear that at the time of his injury he had not yet crossed the general line which divides his being at work and his not being at work." (Exhibit "B" to defendant's motion for summary judgment, pages 10, 11.)

Judicial estoppel was considered in the case of Fidelity & Casualty Company of New York v. Federal Express, 6 Cir., 136 F.2d 35. In that case, the Fidelity and Casualty Company brought suit against Federal Express to secure indemnity for payment of a judgment rendered in a negligence action in which both parties were defendants. The Court held that the judgment in the negligence action adjudicating the rights and obligations of the parties between themselves was conclusive upon the parties in a subsequent action under the laws of Ohio, and that the defendant who pays a judgment and sues a third party for indemnity is estopped from showing that the prior judgment was based on an incorrect finding of fact. In that connection the Court said:

"On the questions raised by plaintiff's insured and passed upon by the jury, the trial court, and the appellate court, the adjudication thereof is binding upon plaintiff herein; and this includes the finding that plaintiff's insured were negligent, and that defendants were free from negligence." Fidelity & Casualty Co. of New York v. Federal Express, 6 Cir., 136 F.2d 35, 39.

In the case of Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784, the court, speaking through Judge Biggs, said in part:

"We conclude that the answers to the questions posed above are as follows. If the indemnitor was not a party to the original action against the indemnitee, and where he was under no duty to participate in the defense of the original action, or where, being under such a duty, he was not given reasonable notice of the action and requested to defend, neither the indemnitor nor the indemnitee is bound in subsequent litigation between them by findings made in the action. Where on the other hand, the indemnitee and the indemnitor are co-defendants actively participating in the defense of the original action, or where the indemnitor, with notice of the action and of the indemnitee's request that he defend it, does not participate in the defense but leaves it to the reasonable efforts of the indemnitee, then in subsequent litigation between them both indemnitor and indemnitee are bound by the findings necessary to the judgment in the action." Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784, 795.

In Wiles v. Young, 167 Tenn. 224, 68 S.W.2d 114, a passenger in the plaintiff's automobile recovered judgment against

both plaintiff and defendant in a former suit for injuries sustained in the collision and the Court held in the second suit that the fact that plaintiff paid a pro rata part of the judgment did not establish the fact that such payment was sufficient to establish his negligence so as to preclude him from recovering against the defendant since the parties were not adversaries in the original suit. The Court in discussing the question said in part:

"The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, unless they were adversaries in the suit in which the judgment was rendered. 15 R.C.L., 1013; Freeman on Judgments (5 Ed.) § 424.

"'Hence a judgment against several defendants is usually not conclusive as between themselves in respect to their rights and liabilities toward each other, unless the defendants contest an issue with each other, either upon the pleadings between themselves and the plaintiffs or upon cross-pleadings between themselves.' 15 R.C.L. 1013." Wiles v. Young, 167 Tenn. 226, 227, 68 S.W.2d 114.

The court held in the case of Edinger & Co. v. Southwestern Surety Ins. Co., 1918, 182 Ky. 340, 206 S.W. 465, that a judgment by a third party against an insured was conclusive upon both the insurer and the insured in a subsequent suit to collect indemnity on the insurance policy.

In Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319, 325, the court held that the indemnitee in an action to recover indemnity on a judgment was bound by all findings and conclusions without which the judgment could not have been rendered.

The Tennessee Supreme Court, May 3, 1957, 302 S.W.2d 815, in Caldwell v. Kelly quoted with approval the following from Cantrell v. Burnett & Henderson Co., 187 Tenn. 552, 216 S.W.2d 307, 309:

"'It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issues may take in subsequent action * * *.'"

The court continued:

"The latest annotation we have been able to find on the question is in 23 A.L.R.2d commencing at page 731. There, the headnote is this:

"'The courts have continued to adhere to the rule that where liability in actions growing out of an accident is claimed because of the alleged negligence of a servant or agent, a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is res judicata, or conclusive, as to such issue of negligence in a subsequent action against the other, a derivative responsibility being present.'" Caldwell v. Kelly, 302 S.W.2d 815-817.

It is the opinion of the Court that the judgment in the Harrison case is conclusive of the question in the present case that Harrison was engaged in his employment as a machinist for Clinchfield at the time of his accidental injuries that were made the basis of the judgment in his favor against Clinchfield, rendered at the March term 1957 of this court.

The next question for consideration is whether the insurance policy in which Clinchfield was named as insured and the Guaranty Company as insurer, which was in effect at the time of the Harrison accident, covered the judgment in favor of Harrison against Clinchfield. The exclusion provision of the policy

heretofore quoted excludes injuries to the insured's employees, other than domestic, that occur while the employee is engaged in his employment. Clinchfield apparently concedes that this is the correct interpretation of the exclusion provision. Injuries to domestic employees are within the coverage unless such injuries are covered or required to be covered, by any workmen's compensation law.

The court in Vaughn v. Standard Surety & Casualty Co., 27 Tenn.App. 671, 184 S.W.2d 556, 557, had before it an exclusion provision in an insurance policy similar to the provision in the policy under consideration. The exclusions in that case were:

"Exclusions

"This policy does not apply:

\* \* \* \* \* \*

"(e) under coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law."

The court held that the party who was injured while riding in a truck owned and operated by the employer to transport its employees to and from work was engaged in his employment under the Workmen's Compensation Law and therefore not covered by the insurance policy. Said the court:

"\* \* \* and for that reason complainants cannot maintain their present suits against the defendant Insurance Company because such injuries are expressly excluded from coverage by the terms of the policy under 'Exclusions (e)' of the policy." Vaughn v. Standard Surety & Casualty Co., 27 Tenn.App. 671, 680, 184 S.W.2d 556, 560.

In State Farm Mutual Automobile Insurance Co. v. Braxton, 4 Cir., 167 F.2d 283, an exclusion clause similar to the one under consideration was considered. The exclusion in that case read:

"The policy does not apply:

"(d) Under coverage A, to bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile."

The court in holding that the exclusion clause excluded liability for injuries to employees of the insured, said:

"It is well settled that the primary purpose of an exclusion clause in a public liability policy, such as is now before us, is to draw a sharp line between employees, who are excluded, and members of the general public. As Judge Parker, speaking for our Court in Lumber Mutual Casualty Ins. Co. v. Stukes, 4 Cir., 164 F.2d 571, 573, said: 'The purpose of the exclusion clause is to limit coverage to liability for injury to members of the general public and to exclude liability to employees of the insured.'" State Farm Mutual Automobile Insurance Co. v. Braxton, 4 Cir., 167 F.2d 283, 284.

Harrison's injuries were not covered by the insurance policy because such injuries were sustained while he was engaged in his employment for Clinchfield.

■ We come now to the third and final question, namely, whether the words "engaged in employment" in the exclusion provision of the policy are susceptible of different interpretations so as to make the policy ambiguous. If the policy is ambiguous, it should be construed in favor of the insured. Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W.2d 473, 72 A.L.R. 1368; English v. Virginia Surety Co., 196 Tenn. 426, 268 S.W.2d 338; New v. General Casualty Company of America, D.C.M.D. Tenn., 133 F.Supp. 955.

■ Counsel for Clinchfield cites the case of B & H Passmore Metal & Roof-

ing Co., Inc., v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536, 537, to support his contention that the words "engaged in the business" used in a workmen's compensation statute, should be given a liberal construction in favor of the employee and that such words used in an exclusion provision of an insurance policy should be given strict construction against the insurance company. The question involved in that case was whether Little, who was injured in a truck while returning home from his employment, was engaged in his employment at the time of such injury. The court held that he was not engaged in his employment and that the exclusion provision of the policy did not apply. The decision in the Passmore case is not controlling of the question of employment in the instant case because there had not been a prior adjudication of the question in the Passmore case.

The 4th Circuit, speaking through the late Judge Parker, in the case of Lumber Mutual Casualty Insurance Co. v. Stukes, 1947, 164 F.2d 571, 574, questioned the soundness of the Passmore decision upon the theory that a different interpretation of the words "engaged in the employment" contained in an insurance policy and a statute would cause confusion in the law.

In Campbell v. American Farmers Mutual Insurance Co., 8 Cir., 238 F.2d 284, 286, which was an action by an insurance company for declaratory judgment that it was not obligated by a policy to defend personal injury suits growing out of an automobile accident, the court held that the policy did not cover defendants "because exclusion clause (d) states that the insurance does not apply to '* * bodily injury * * * of any employee of the insured while engaged in the employment * * * of the insured * * *'".

The court in holding that the policy was free from ambiguity said:

"Defendants claim that the exclusion clause here under consideration is ambiguous and that accordingly it should be construed most liberally against the insurer who drew the contract. If the clause is ambiguous, it should be most liberally construed in favor of the insured, but where the language is plain and unequivocal the words used must be given their usual and natural meaning and there is no room for construction. See Gage v. Connecticut General Life Ins. Co., supra [Mo.App., 273 S.W.2d 761]. A reading of the clause in question convinces us that it is without ambiguity and that this court is without authority to rewrite the terms thereof to arrive at a conclusion more favorable to the insured than the plain language of the contract permits." Campbell v. American Farmers Mutual Insurance Co., 238 F.2d 284, 288.

A similar conclusion was reached in the case of Webb v. State Farm Mutual Insurance Co., D.C.S.D.W.Va.1957, 151 F.Supp. 359.

An insurance policy with exclusions similar to the exclusions in the policy under consideration was involved in a case that originated in the Southern Division of this Court and terminated in the Appellate Court. The case is Patty v. State Farm Mutual Automobile Insurance Co., 6 Cir., 1955, 228 F.2d 363, 364. An exclusion in the policy in that case is as follows:

"Exclusions

"This policy does not apply:

*    *    *    *    *    *

"(d) under coverage A to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other that domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law, or while engaged in the operation, maintenance or repair of the automobile."

It is to be observed that the foregoing language is almost identical with the language in the policy in the instant case with the exception of the last clause in the aforequoted language which relates to maintenance or repair of the automobile. Judge Darr directed a verdict for the appellee on the ground that appellant was an employee of Cunningham at the time of appellant's injury and therefore excluded from coverage under the policy. The parties to the suit apparently agreed with Judge Darr's interpretation of the policy as no contest was involved concerning the meaning of the policy. The Sixth Circuit in an opinion by Judge Allen did not find any fault with Judge Darr's interpretation of the policy but remanded the case to the District Court with directions to submit the question of whether appellant was employed by Cunningham at the time of his injury, to the jury.

The Court concludes that the exclusion provisions of the policy in this suit are not ambiguous or subject to different interpretations but that the plain meaning of them is that employees suffering injuries while in their employment, other than domestic employees unless covered or subject to coverage by the Workmen's Compensation Act, are not within the coverage of the policy.

In summary, the Court holds, (a) that the judgment in the Harrison v. Clinchfield Railroad case adjudicates that Harrison was engaged in his employment for Clinchfield at the time of his accidental injuries and that Clinchfield is estopped as a matter of law to question that finding in the instant case, (b) that the exclusions in the policy in the present case exclude the judgment in the Harrison case from coverage because he was engaged in his employment for Clinchfield when injured, (c) the exclusions are not ambiguous or subject to any interpretation other than to exclude injuries to employees of Clinchfield while engaged in their employment from coverage.

Let an order be drawn in accordance with the views herein expressed.