Nick BUHONICK, an individual, and Lester Dearolf, an individual, Plaintiffs,

v.

AMERICAN FIDELITY & CASUALTY COMPANY, a corporation, Defendant.

Civ. A. No. 17446.

United States District Court W. D. Pennsylvania.
March 25, 1960.

Frederick N. Egler, of Reed & Egler, Pittsburgh, Pa., for plaintiffs.

William C. Walker, of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this non-jury proceeding, plaintiffs move for a declaration of judgment that defendant insurance carrier be declared contractually bound to assume any liability in their behalf under a liability policy issued by defendant to Transport Motor Express, Inc.

The following issues are presented:

1. Where an automobile liability policy contains an omnibus coverage clause and also an exclusion clause to the effect that its coverage does not apply to injury of an employee of the insured, does such exclusion clause apply to an additional as well as the named insured?

2. Are the plaintiffs real parties in interest with legal stature to maintain this proceeding in this court?

The facts are not in dispute. Raymond Durante, employed by Transport Motor Express, Inc., the named insured, drove a tractor-trailer owned by his employer containing a load of steel to the premises of Allis-Chalmers Manufacturing Company. Plaintiffs, Nick Buhonick and Lester Dearolf, employees of Allis-Chalmers, operated the crane to unload the steel and Durante was injured as the result of the alleged negligent operation of the crane.

As a result of his injuries, Durante filed suit against Allis-Chalmers Man-

facturing Company, in the Court of Common Pleas of Allegheny County, and Allis-Chalmers, in turn, brought its two employees, the instant plaintiffs, upon the record as additional defendants.

Plaintiffs contend, and it is not disputed by defendant, that the covenants in the automobile liability policy extend coverage to Allis-Chalmers Manufacturing Company, Inc.'s two employees under the omnibus clause. However, American Fidelity and Casualty Company contends that, under the exclusion provisions of its policy, it has no liability. The pertinent portion of the exclusion clause is sub-paragraph (b) of Section 3 of American's policy, providing that coverage shall not extend to an injury to any employee of the insured while engaged in the employment.[1]

Plaintiff's contention is that the term "any employee of the insured" was not designed to withdraw coverage from an employee of an additional insured when the claim or suit is by one not an employee of the additional insured and therefore, as to the additional insured, a member of the general public; that, in short, the exclusion clause withdraws coverage only when a claim or suit is by an employee against his own employer.

Defendant contends that the word "insured" includes the named insured as well as the additional insured as being excluded from coverage under the policy.

■ Because this is a diversity case, I must apply the conflict of laws rule that an insurance policy is interpreted by the laws of the state where it is contracted and it is contracted where the policy is delivered. Absent proof as to the place of delivery it is presumed that delivery took place at insured's residence,

New York Life Ins. Co. v. Levine, 3 Cir., 138 F.2d 286; Roth v. Maryland Gas Co., 3 Cir., 209 F.2d 371. I am thus referred to Indiana Law.

■ It appearing that the precise question has never been adjudicated by any appellate court in Indiana, my conclusions in this regard must necessarily be a matter of first impression.

■ For purpose of deciding the issue herein posed, it is incumbent upon me, therefore, to determine how the appellate court of Indiana would resolve this same question if squarely presented to that court.

In approaching the problem, it is my judgment that the dominant appellate decisional conclusions throughout the United States should be given great weight in projecting and prognosticating the law of Indiana.

■ 1. In spite of the conflict of authorities which exist from other states, I am satisfied that the weight and best reasoned authorities hold to the view that the exclusion provision applies to employees of an additional assured as well as to those of the named assured, Travelers Insurance Co. v. Ohio Farmers Indemnity Co., 6 Cir., 262 F.2d 132; Lumber Mutual Casualty Ins. Co. of New York v. Stukes et al., 4 Cir., 164 F.2d 571; Pullen v. Employers' Liability Assur. Corp., La.App., 72 So.2d 353; Standard Surety & Casualty Co. of New York v. Maryland Casualty Co., 281 App. Div. 446, 119 N.Y.S.2d 795; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279; Associated Indemnity Corp. v. Wachsmith, 2 Wash. 2d 679, 99 P.2d 420, 127 A.L.R. 531; 50 A.L.R.2d 99; Vaughn v. Standard Surety

---

1. Definition of Insured: "With respect to the insurance for bodily injury liability, and for property damage liability, the unqualified word 'insured' includes the named insured and also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or or-

ganization other than the named insured does not apply:

"(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

**402**

& Casualty Co., 27 Tenn.App. 671, 184 S.W.2d 556.

█ 2. An equally cogent reason why plaintiffs should be denied relief is predicated upon the fact developed at hearing that plaintiffs have been assured by the Insurance Carrier in behalf of Allis-Chalmers that personally they would be held harmless in the event a judgment were rendered against them. Accordingly, plaintiffs are serving as tools or strawmen in behalf of the Aetna Casualty Insurance Co. and individually have nothing to gain or lose as a result of these proceedings. Since plaintiffs are not exposed to any danger or loss as claimed in the complaint, and in the application of equitable principles, I must conclude that the instant proceeding is a sham in that plaintiffs are not the real parties in interest, and that plaintiffs' prayer for relief should be refused.

An appropriate order is entered.